1

O

2



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUL 2 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

9

10

11    KERRI HUNT,                          )   Case No. EDCV 09-2127 RNB
                                           )
12                   Plaintiff,            )
                                           )
13             vs.                         )   ORDER REVERSING DECISION OF
                                           )   COMMISSIONER AND REMANDING
14    MICHAEL J. ASTRUE,                   )   FOR FURTHER ADMINISTRATIVE
      Commissioner of Social Security,     )   PROCEEDINGS
15                                         )
                     Defendant.            )
16    _____ )

17         Plaintiff filed a Complaint herein on November 23, 2009, seeking review of the

18    Commissioner's denial of her applications for disability insurance and Supplemental

19    Security Income benefits.  In accordance with the Court's Case Management Order,

20    the parties filed a Joint Stipulation on July 21, 2010.  Thus, this matter now is ready

21    for decision.[1]

22

23

24    _____

25         [1]    As the Court advised the parties in its Case Management Order, the
      decision in this case is being made on the basis of the pleadings, the Administrative
26    Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In
      accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has
27    determined which party is entitled to judgment under the standards set forth in 42
      U.S.C. § 405(g).
28

1

1

**DISPUTED ISSUES**

2    As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising

3    as the grounds for reversal and remand are as follows:

4        1.    Whether the Administrative Law Judge ("ALJ") properly

5        considered plaintiff's ability to perform her past relevant work.

6        2.    Whether the ALJ properly considered the opinions of Dr.

7        James Shook, M.D.

8        3.    Whether the ALJ properly assessed plaintiff's credibility.

9

10

**DISCUSSION**

11    With respect to Disputed Issue No. 2, the Court finds and concludes that the

12    ALJ failed to state the requisite specific and legitimate reasons, supported by

13    substantial evidence in the record, for rejecting the opinions of Dr. Shook found at

14    AR 215, 303-04, and 317-19.[2]  See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th

15    Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be

16    rejected only with specific and legitimate reasons supported by substantial evidence

17    in the record."); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  To the

18    extent that the Commissioner has proffered reasons for why Dr. Shook's opinions did

19    not need to be accepted that were not articulated by the ALJ, the Court is unable to

20    consider those reasons.  See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003);

21    Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A

22    reviewing court can evaluate an agency's decision only on the grounds articulated by

23    the agency.").  Here, even assuming that the ALJ's rejection of the opinions of Dr.

24    Shook reflected on the March 8, 2008 evaluation form (AR 317-19) also applied to

25    the opinions rendered by Dr. Shook on May 22, 2007 (AR 215) and May 22, 2008

26

27    [2]    The Court notes that plaintiff does not dispute the ALJ's rejection of Dr.

28    Shook's mental work capacity evaluation found at AR 321-22.

1   (AR 303-04), the fact remains that the only reason given by the ALJ was that "Dr.
2   Shook's physical evaluation is inconsistent with all the medical records of evidence."
3   (See AR 11.)  That reason constituted the same kind of non-specific boilerplate
4   language rejected by the Ninth Circuit as insufficient in Embrey, 849 F.2d at 421-22.
5   There, the Ninth Circuit observed, "To say that medical opinions are not supported
6   by sufficient objective findings or are contrary to the preponderant conclusions
7   mandated by the objective findings does not achieve the level of specificity our prior
8   cases have required, even when the objective factors are listed seriatim." Id. at 421.
9       With respect to Disputed Issue No. 3, for the reasons stated by plaintiff (see Jt
10  Stip at 31-35, 38), the Court finds and concludes that the ALJ failed to make a proper
11  adverse credibility determination.  Put another way, the Court finds and concludes
12  that not one of the reasons given by the ALJ constitutes a clear and convincing reason
13  for rejecting plaintiff's subjective pain testimony.  See Cotton v. Bowen, 799 F.2d
14  1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.
15  1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947
16  F.2d 341, 343 (9th Cir. 1991).
17      The Court's findings and conclusions with respect to Disputed Issue Nos. 2 and
18  3 render it unnecessary to decide whether the ALJ erred in his vocational
19  determination that plaintiff remained capable of performing her past relevant work
20  (Disputed Issue No. 1).
21
22              **CONCLUSION AND ORDER**
23      The law is well established that the decision whether to remand for further
24  proceedings or simply to award benefits is within the discretion of the Court. See,
25  e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at
26  603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted
27  where additional administrative proceedings could remedy defects in the decision.
28  See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at

635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings conceivably could remedy the defects in the ALJ's decision.

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004); <u>see also, e.g.</u>, <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000)[3]; <u>Smolen</u>, 80 F.3d at 1292; <u>Varney v. Secretary of Health & Human Servs.</u>, 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited

---

[3]     In <u>Harman</u>, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." <u>Harman</u>, 211 F.3d at 1178 n.7.

4

1   opinions of a treating or examining physician. However, in <u>Connett</u>, 340 F.3d at 876,
2   the panel held that the "crediting as true" doctrine was not mandatory in the Ninth
3   Circuit.  There, the Ninth Circuit remanded for reconsideration of the claimant's
4   credibility where the record contained insufficient findings as to whether the
5   claimant's testimony should be credited as true.  <u>See id.</u>

6       Based on its review and consideration of the entire record, the Court has
7   concluded on balance that a remand for further administrative proceedings pursuant
8   to sentence four of 42 U.S.C. § 405(g) is warranted here.  Accordingly, IT IS
9   HEREBY ORDERED that Judgment be entered reversing the decision of the
10  Commissioner of Social Security and remanding this matter for further administrative
11  proceedings.[4]

13  DATED:  <u>July 26, 2010</u>

$Ro4 \, N \, B4u$

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4]      It is not the Court's intent to limit the scope of the remand, including
possibly ordering plaintiff to undergo a consultative examination.

5